ELAINE F. ELLIBEE, R.N., Secretary, State of Wisconsin Board ofNursing
You ask whether the following three questions on your applications for licenses of registered and practical nurses under secs. 441.04 and 441.10, Stats., would conflict with the recently enacted ch. 125, Laws of 1977:
 (1) "Have you ever been found delinquent by a juvenile court?
 (2) "Have you ever been convicted of a crime, excluding minor traffic violations?
 (3) "Have you ever been convicted of violating a municipal ordinance, excluding minor traffic violations?"
You indicate that you do not necessarily deny a license because of a conviction record, but ask the applicant to provide the following information:
 Age at time of conviction. Date on which convicted. Findings of court. Location of the court in which convicted. If possible, the name of the judge. If given a suspended sentence and/or placed on probation, the name and address of the social worker or probation officer. A brief resume of the facts leading to the conviction.
The decision of the Board relative to the applicant is then made considering:
 The nature of the crime. The proximity of time (to the present). The success of rehabilitation (if any has been indicated). The record since conviction.
It is my opinion that you may ask the second and third questions without violating provisions of ch. 125, Laws of 1977. I do not believe the first question is permissible because of conflict with a different legislative policy. *Page 329 
By ch. 125, Laws of 1977, the Legislature has added to the unfair practices to be prevented under subch. II of ch. 111, Stats., discrimination because of arrest and conviction records. The Legislature has provided for prevention of such practices through administrative proceedings before the Department of Industry, Labor and Human Relations and the Labor and Industry Review Commission.
Section 111.325, Stats., makes it unlawful for any licensing agency to discriminate against an applicant; and the definition of discrimination in sec. 111.32 (5)(a), Stats., now includes discrimination because of arrest record or conviction record. More detailed definition of what constitutes such discrimination is given in the newly created sec. 111.32 (5)(h), Stats., which reads:
 "The term `arrest record' includes, but is not limited to, information indicating that a person has been questioned, apprehended, taken into custody or detention, held for investigation, arrested, charged with, indicted or tried for any felony, misdemeanor or other offense pursuant to any law enforcement or military authority. The term `conviction record' includes, but is not limited to, information indicating that a person has been convicted of any felony, misdemeanor or other offense, placed on probation, fined, imprisoned or paroled pursuant to any law enforcement or military authority. It is discrimination because of arrest record or conviction record:
 "1. For any employer, labor organization, licensing agency or employment agency to request an applicant, employe, member, licensee or any other person, on an application form or otherwise, to supply information regarding any arrest record, except a record of a pending charge, of the applicant, employe, member or licensee except that it shall not be discrimination to request such information when employment depends on the bondability of the employe or prospective employe under a standard fidelity bond or an equivalent bond is required by state or federal law, administrative regulation or established business practice of the employer and the employe may not be bondable due to an arrest record;
 "2. For any employer, labor organization, licensing agency or employment agency to refuse to hire, employ, admit or *Page 330 
license any person, or to bar or terminate any person from employment, membership or licensing, or to discriminate against any person in promotion, compensation, terms, conditions or privileges of employment, membership or licensing, or otherwise to discriminate against any person because such person has an arrest record or a conviction record; provided, however, that it shall not be unlawful:
 "a. For an employer or licensing agency to refuse to employ or license, or to suspend from employment or licensing, any person who is subject to a pending criminal charge if the circumstances of the charge substantially relate to the circumstances of the particular job or licensed activity.
 "b. For an employer or licensing agency to refuse to employ or license, or to bar or terminate from employment or licensing, any person who has been convicted of any felony, misdemeanor or other offense the circumstances of which substantially relate to the circumstances of the particular job or licensed activity.
 "c. For an employer or licensing agency to refuse to employ or license, or to bar or terminate from employment or licensing, any person who is not bondable under a standard fidelity bond or an equivalent bond where such bondability is required by state or federal law, administrative regulation or established business practice of the employer."
Paragraph one, precluding request for information, applies only to arrest records. Paragraph two prescribes the conditions in which an agency may or may not consider such records and conviction records in connection with denial, revocation or conditions of licenses. One of the permissible considerations is whether the circumstances of the offense relate substantially to the licensed activity.
Under secs. 441.04 and 441.10, Stats., you are obligated to give nurses examinations only to persons "of good moral character." The term is flexible enough to allow some discretion in administration; and along with the exceptions in the new unfair practice provisions, provides authority for you to consider the circumstances of the offenses involved. You can determine the relation of the offense to nursing only if you have information about it. The necessary implication of the excepting provisions is that the licensing agency can request information about conviction records. *Page 331 
Such information may also be available to you from the Division of Law Enforcement Services under sec. 165.83 (2)(n) which reads in part:
 ". . . Such information may also be made available to any other agency of this state . . . upon assurance by the agency concerned that the information is to be used for official purposes only."
If a license is to be denied on the basis of a conviction record, it better accords with due process requirements for an applicant to know the record is being considered. It is my opinion that the Legislature intended that a licensing agency may request of applicants information about conviction records.
I believe your first question about juvenile delinquency findings is contrary to legislative policy. Under sec. 48.26, Stats. (renumbered 48.396 (c) by ch. 354, Laws of 1977), contents of juvenile records shall not be disclosed except by order of the court.
Section 48.01 (1), as created by ch. 354, Laws of 1977, effective November 17, 1978, expresses the following legislative purpose:
 "(c) Consistent with the protection of the public interest, to remove from children committing delinquent acts the consequences of criminal behavior and to substitute therefore a program of supervision, care and rehabilitation."
 See also, State ex rel. Herget v. Waukesha Co. Cir. Ct.,84 Wis.2d 435, 450-451, 267 N.W.2d 309 (1978), where the statutory policy was discussed:
 "Sections 48.26, 48.38 and 48.78, Stats., which mandate confidentiality of records as the general principle and disclosure as the exception, express the legislature's determination that the best interests of the child and the administration of the juvenile justice system require protecting the confidentiality of police, court and social agency records relating to juveniles."
BCL:BL *Page 332